UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIFA MUHAMMAD, | No. 2:21-cv-00776-CKD P |
| Plaintiff, | |
| v. | ORDER |
| SEAN ROSS, et al., | |
| Defendants. | |

      Plaintiff is a former county inmate currently in state custody.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

## I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

After a high speed chase with police officers from the Stockton Police Department on September 20, 2019, plaintiff wrecked the car he was driving. While plaintiff could barely

respond, he was struck in the face by a police officer resulting in injury to his eye. Plaintiff alleges that he did not fail to comply with any commands given by the officers, but he was hit in the eye with a baton by defendant Ross. Other officers who were at the scene of the car crash failed to protect plaintiff from this use of excessive force by defendant Ross. Plaintiff was transported to San Joaquin General Hospital where he received treatment for his injuries which included a neck brace and a cast on his right foot.

On October 7, 2020, plaintiff was in custody at the Santa Rita Jail. Medical staff switched his pain medication to "Mobic" which caused his high blood pressure to become worse. As a result, an unnamed nurse practitioner changed plaintiff's pain medication to Tylenol. Plaintiff also alleges that medical staff refused him an ice pack for his foot.

Based on these allegations, plaintiff names Stockton Police Officer Sean Ross as a defendant as well as the City of Stockton for its failure to train police officers on the appropriate use of force. Plaintiff also alleges that the City of Stockton has a custom or practice of intentionally provoking violent confrontations with citizens. The remaining defendants listed in the complaint are John Does and Wellpath Medical at the Santa Rita Jail. By way of relief, plaintiff seeks a declaratory judgment, compensatory and punitive damages as well as injunctive relief.

### III.   Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

**A. Linkage**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.  Fourth Amendment

While plaintiff's complaint relies on the Eighth Amendment prohibition against cruel and unusual punishment, the allegations are more appropriately analyzed under the Fourth Amendment since the use of force occurred in the course of plaintiff's arrest.  An excessive force claim in the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard.  Graham v. Connor, 490 U.S. 386, 388 (1989).  Objective reasonableness is determined based on the facts and circumstances at the moment of arrest without reference to the underlying intent or motivation of the officer.  Id. at 397.  Most importantly, the reasonableness of any particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

The reasonableness of an officer's use of force is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." United States v. Place, 462 U.S. 696, 703 (1983). In determining whether the force utilized is objectively reasonable, courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" Lowry v. City of San Diego, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (quoting Glenn v. Washington Cnty., 673 F.3d 864, 871 (9th Cir. 2011)).  The government's interest in the force used is determined by assessing (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect actively resisted arrest or attempted to escape.  Glenn, 673 F.3d at 871 (citing Graham, 490 U.S. at 396).  Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in

circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97.

### C. Monell Claim

Also, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

### D. Deliberate Indifference to a Serious Medical Need

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**E.  Joinder**

A plaintiff may properly assert multiple claims against a single defendant in a civil action.

Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

**IV.  Analysis**

After conducting the required screening, the court finds that plaintiff sufficiently alleges a Fourth Amendment excessive force claim against defendant Ross on which he should be allowed to proceed. However, for the reasons discussed in detail below, plaintiff fails to state any other cognizable claims. He is provided the applicable legal standards for his stated claims and an opportunity to file an amended complaint to attempt to cure the defects in his pleading. Thus, plaintiff may choose to proceed on his Fourth Amendment excessive force claim against defendant Ross, or he may attempt to cure the defects in his pleading by filing a first amended complaint.

The complaint does not sufficiently allege a supplemental state law claim of assault and battery against defendant Ross because plaintiff does not describe whether he has complied with the requirements of the Government Claims Act. See Cal. Govt. Code §§ 810, et seq. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. See Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

To the extent plaintiff's claims are based on the conduct of unnamed Doe defendants in connection with his arrest, plaintiff fails to allege facts sufficient to show how those individual defendants violated his constitutional rights. Rather than linking specific John Does to discreet

actions that resulted in a constitutional rights violation, plaintiff lumps all of these defendants together in his allegations by referring to them as "the officers." Even without identifying each officer by name, plaintiff must provide adequate notice of the specific conduct that is being challenged. See Johnson, 588 F.2d at 743. Therefore, the complaint does not state a claim against the John Doe defendants from the Stockton Police Department.

With respect to the Monell claim against the City of Stockton, plaintiff does not identify what specific custom or policy was the driving force for the alleged constitutional violations. See City of Canton, Ohio v. Harris, 489 U.S. 378, 390–91 (1989) (emphasizing "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."). Nor does plaintiff allege that any such custom or policy constitutes deliberate indifference to his health and safety. "[T]he inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Canton, 489 U.S. at 388. The allegations in the complaint are entirely conclusory and are not sufficient to state a Monell claim against the City of Stockton.

The claims against Wellpath Medical and the John Doe Wellpath worker are improperly joined to the excessive force claims that occurred on September 20, 2019. The deliberate indifference claims against the medical defendants occurred over a year later in a different county from the excessive force claims. Nor are the deliberate indifference claims limited to treatment of the injuries that plaintiff received in the course of his 2019 arrest. Therefore, if plaintiff wishes to pursue the deliberate indifference claims, he will have to do so by filing a separate § 1983 action.

Plaintiff may elect to amend his complaint to attempt to cure the deficiencies identified in this screening order. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the Fourth Amendment excessive force claim against defendant Ross found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of

the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Fourth Amendment excessive force claim against defendant Ross; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the

remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Fourth Amendment excessive force claim against defendant Ross.  In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated:  August 6, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/cros0766.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIFA MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>SEAN ROSS, et al.,<br><br>    Defendants. | No.  2:21-cv-00776-CKD<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____   Plaintiff wants to proceed immediately on the Fourth Amendment excessive force claim against defendant Ross.  Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

_____   Plaintiff wants time to file a first amended complaint.


DATED:




                                                                    _____
                                                                    Plaintiff